86 F.3d 1156
 152 L.R.R.M. (BNA) 2512
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
FOX PAINTING CO. and Fox Painting and Decorating, Inc., Respondents,
John P. Fox, Additional Respondent in Contempt.
 Nos. 89-6317, 89-6509.
 United States Court of Appeals, Sixth Circuit.
 May 31, 1996.
 
 Before: ENGEL, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER OF ADJUDICATION OF CONTEMPT
 
 1
 On November 16, 1990, this court enforced the order of the National Labor Relations Board ("Board") requiring Respondents Fox Painting Co. and Fox Painting and Decorating, Inc. ("Respondents"), and Additional Respondent John P. Fox ("Additional Respondent"), (collectively "Fox Respondents"); to pay $262,459.28, plus interest for violations of sections 8(a)(5) and (1) of the National Labor Relations Act. In June 1992, the Board filed a petition for adjudication of civil contempt against the Fox Respondents. Fox claimed in his defense that he was unable to pay any of the judgment. This court appointed United States Magistrate Judge J. Gregory Wehrman to act as a special master ("Special Master"). He held an evidentiary hearing and then submitted a Report and Recommendation to the court on October 28, 1994, recommending that the Fox Respondents be held in contempt. Specifically, he recommended that Respondents and Additional Respondent be permitted to purge their contempt with a $20,000 lump sum payment, and monthly payments in the amount of $850 over ten years. The Board urges adoption of the Special Master's recommendations. The Fox Respondents have filed their exceptions.
 
 
 2
 This court, after hearing, adopts in full the Report and Recommendation of Magistrate Judge Wehrman, and finds the Fox Respondents in civil contempt for deliberate refusal to obey the order of this court dated November 16, 1990.
 
 
 3
 NOW THEREFORE, it is ORDERED that Respondents and Additional Respondent jointly and severally, to purge themselves of said contempt:
 
 
 4
 1. Pay the sum of $122,000 to the National Labor Relations Board, through its Counsel, as follows:
 
 
 5
 a. Forthwith pay, not later than thirty days following the date of this Order, the sum of $20,000 to the Board, through its Counsel, in partial but not complete purgation of their contempt.
 
 
 6
 b. Pay, beginning the first month after the lump sum payment described above, or within sixty days following the date of this Order, payments of $850 per month for a period of ten years, until the total payments, including the lump sum payment, equal the sum of $122,000.
 
 
 7
 2. Not later than forty days from the date of this Order, Respondents and Additional Respondent shall appear personally before the Honorable J. Gregory Wehrman, special master in this case, at his offices at Seventh and Scott Streets, Covington, Kentucky, or at such other place as designated by the Special Master, and make a full, complete, and honest disclosure under oath and in writing of all assets owned by each said Respondents and Additional Respondent, or over which they have any interest or control, providing the exact description of said property and where located, and in whose name or names said property is or may be entitled; and if no longer claimed to be owned or under the control of Respondents or Additional Respondent, but previously disclosed under prior order of this court or of the Special Master, a full, true, and complete disclosure of the names, current addresses, and complete particulars concerning when and where such property was so disposed of and any consideration received therefor.
 
 
 8
 3. Effective immediately upon filing of this Order, Respondents and Additional Respondent are enjoined from disposing of any property of any sort in which they or any of them has any interest, without first specifically obtaining the consent and approval thereof by the Special Master.
 
 
 9
 4. If at the end of any monthly period, beginning thirty days after the date of this Order, Respondents and Additional Respondent fail to make any of the payments required by this Order, the Special Master shall begin execution proceedings against Respondents' assets under Fed.R.Civ.P. 69. The Special Master shall appoint a receiver under Fed.R.Civ.P. 66. The receiver is authorized to seize and sell the eight real estate properties owned by Additional Respondent; to partition the Warren Court Partnership and seize the partnership interest of of Additional Respondent; and to seize and sell any other assets of Respondents. The Special Master will assure that the proper procedures are followed, that the interest of third parties are heard, that the costs of execution are paid, and that the remaining proceeds are paid to the Board. The Special Master and any receiver appointed by him shall examine Respondents and Additional Respondent and any other persons shown to have knowledge thereof, concerning transfers of any kind which shall appear to have been made in fraud of the court or in frustration of the efforts by the court, the Board, or those acting under the Court's order to recover and satisfy and obtain compliance with this or any other order of this court.
 
 
 10
 5. Not later than forty days following the date of this Order, Additional Respondent shall establish a separate account, to be monitored by the Special Master, and begin making monthly payments of eighteen percent per month of rental income from the eight rental properties owned by Additional Respondent, to be set aside for the maintenance and reserve costs associated with these investment properties.
 
 
 11
 6. Effective immediately from the date of this Order, Additional Respondent is ordered to maintain the investment properties in good condition and to make reasonable efforts to obtain and retain tenants.
 
 
 12
 In order to insure compliance with the foregoing provisions, it is further ordered that upon the failure of the Respondents and Additional Respondent to purge themselves of contempt as herein provided, this court shall impose a compliance fine of $5,000 on the Fox Respondents and a further compliance fine of $100 per day so long as such noncompliance continues. Upon notice by the Board that the Fox Respondents are not in compliance, the court will impose additional sanctions it deems appropriate, including the issuance of body attachment upon Additional Respondent for such noncompliance.